Tbe opinion of tbe Court was delivered by
Whither, J.
Tbe second ground of appeal may be briefly disposed of, as it is manifestly concluded by tbe cases of Steele vs. Mansell, 6 Rich. 435, and Leger vs. Doyle, 11 Rich. 109.
*619 The deed set up by plaintiffs, cannot be postponed to the sheriff’s conveyance to defendant, because not registered within the prescribed time. The registration was nevertheless anterior to the sale by the sheriff, and, under the authority of those cases, operated as a notice to '■.chsoquent purchasers.
The remaining grounds impute no error to the Circuit Judge in matter of law, and v>v. are left only to inquire whether the verdict of the jury was “ without evidence to support it.”
The allegation in me first ground is that the deed under which the plaintiffs derived title, was fraudulent, and could therefore confer no right. The verdict being otherwise, it is not enough to justify an order to set it aside, that doubt may be entertained on the merits. The appellant now undertakes to show that it was against or without evidence. It is insisted that the long possession which followed the execution of the deed, was of itself conclusive evidence of fraud, but such a position is not sustained by our cases. It is recognized as a badge of fraud, and affords therefore prima jade evidence, but is not conclusive. Amongst many other cases reference maybe made to Terry vs. Belcher, 1 Bail. 572, in which JOHNSON, J., enters very fully into the consideration of this question, and reviews the authorities of Ch. Kent, and some of the English and American cases. We are to regard, in the case before us, the relation in which the parties stood to each, and especially likewise the fact of cotempo-raneous notice to the world, by the registration, of a change of title in fact, rebutting the presumptions that possession might otherwise justify. Another view pressed upon this Court, is the significant fact that plaintiff’s deed bears date only three days after the service of a writ in slander, aud was not recorded until six days after a judgment was confessed thereupon.
The plaintiffs were held, and justly, on the circuit to encounter such an assault as either creditors or a purchaser *620 should be entitled to make. If the sale under which the defendant claims could be satisfactorily referred to this judgment, or if it could be seen that the suspected deed in any way effected a disappointment to the plaintiff in that suit, the objection to the verdict would be well founded. But the jury doubtless reached the conclusion, as the circumstances warranted them in doing, th; the judgment was in fact satisfied before the sale by the sheriff.
The deed in question was good in any view as between the parties. No creditor or suitor has in any way been disappointed or hindered by this conveyance, unless some one who chose to credit upon the faith of property which he was duly notified had been regularly transferred.
It would be hazardous in a Court to convért even a strong suspicion into an established fact, and thereby override the verdict of a jury.
The motion for a new trial is dismissed.
O’Neall, Wahdlaw, Withees, G-loveb and Muíteo, JL, concurred.

Motion dismissed.